O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SASIVIMON CARMICHAEL,

Plaintiff,

v.

CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. ED CV 14-2266 JCG

**MEMORANDUM OPINION AND ORDER**

Sasivimon Carmichael ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly evaluating the opinion of her treating physician, Dr. Manuel Anel. (*See* Joint Stip. at 3-7, 15-16.) The Court agrees with Plaintiff for the reasons discussed below.

A. The ALJ Failed to Properly Evaluate the Treating Physician's Opinion

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Here, first, the ALJ gave Dr. Anel's opinion "significant weight" and found it "highly credible," but then improperly discounted the opinion because it was generated in the workers' compensation context. (Administrative Record "AR" at 21); *see Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it."); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 n.5 (9th Cir. 2004).

Second, the ALJ failed to properly translate Dr. Anel's opinion into the social security context. For instance, the ALJ did not discuss the meaning of Dr. Anel's "permanent and stationary" conclusion, or explain the doctor's findings that Plaintiff had "sustained" fine manipulation and "repetitive" hand and wrist movement limitations in the social security context. (AR at 464, 468-71.) The ALJ simply noted that workers' compensation terms do not correspond to social security terms, and faulted Dr. Anel for failing to define "sustained." (*Id*. at 21); *see Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (decision was not supported by substantial evidence because the ALJ had not adequately considered definitional differences between the California workers' compensation system and the Social Security Act); *Rocha v. Astrue*, 2012 WL 6062081, at *2 (C.D. Cal. Dec. 3, 2012) (if there are terms of art utilized in the workers' compensation context, "such as 'repetitive' . . . or similar terms, it is the job of the ALJ to translate the meaning of such terms into the Social Security context.").

Third, the ALJ failed to explain how Dr. Anel's opinion – that due to Plaintiff's limitations in her hands and wrists she could no longer work as a phlebotomist – comported with the ALJ's findings that Plaintiff (1) had the residual functional capacity ("RFC") to "frequently perform fine and gross manipulation with either hand" and (2) could perform her past relevant work as a phlebotomist. (AR at 18, 22, 470-71); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected); *Alvarez v. Astrue*,

2012 WL 282110, at *3 (C.D. Cal. Jan. 26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.").

Fourth, the ALJ's conclusory statement that Dr. Anel's opinion was "not inconsistent" with Plaintiff's RFC to perform frequent fine manipulation "does not achieve the level of specificity" required to evaluate a treating physician's opinion. (AR at 18, 21); *see Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *Bauer v. Astrue*, 2012 WL 3999761, at *4 (C.D. Cal. Sept. 11, 2012).

Thus, the ALJ improperly evaluated Dr. Anel's opinion.

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, Dr. Anel's opinion must be properly translated into the social security context and reconciled with the ALJ's previous RFC and past relevant work findings. *See Torres v. Colvin*, 2014 WL 5810365, at *4 (C.D. Cal. Nov. 7, 2014) (concluding that the prudent course is to let the ALJ, with the help of plaintiff's counsel, translate workers' compensation reports in the first instance and determine whether plaintiff is disabled under social security law). Given the necessity of remand, the Court need not address Plaintiff's remaining contentions.

/ /

/ /

/ /

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: September 04, 2015

Hon. Jay C. Gandhi
United States Magistrate Judge

***

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

***